# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MARKALE JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  **CIVIL ACTION 08-0014-WS-C** |
| | ) |
| WINN-DIXIE, INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion for leave to amend its answer.  (Doc. 12).  According to the motion, the sole purpose of the motion is to add an affirmative defense of after-acquired evidence.  The plaintiff has filed an objection.  (Doc. 15).

The defendant's answer was filed January 10, 2008, and its deadline for amending as of right expired on or about January 30, 2008.  Fed. R. Civ. P. 15(a).  The deadline for filing motions for leave to amend the defendant's pleadings was established as March 25, 2008, (Doc. 6 at 2, ¶ 4), the date the defendant requested.  (Doc. 5 at 3, ¶ 6).

When, as in this case, the time for amendment as of right has passed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The defendant insists that "justice so requires."  (Doc. 12 at 2, ¶ 5).  However, the defendant's motion was also filed past the deadline established in the scheduling order for such motions, and such "[a] schedule shall not be modified except upon a showing of good cause."  Fed. R. Civ. P. 16(b); *accord Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998).  Accordingly, the defendant must first show good cause for its failure to comply with the scheduling order.  *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good

cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).  The defendant does not address this standard, or even acknowledge the existence of Rule 16(b).  It does, however, state that it "was not aware of the facts that would support this defense at the time it filed its initial answer" and that "[r]ecently, during Plaintiff's deposition Defendant learned of information to support an after-acquired evidence defense."  (Doc. 12, ¶¶ 3, 5).  These statements may establish the defendant's longstanding actual ignorance of grounds to assert an after-acquired evidence defense (although the defendant's choice of words leaves that matter in doubt), but they do not reflect the exercise of diligence in identifying such a defense.

The parties filed their Rule 26(f) report on February 25, 2008.  (Doc. 5).  As of that date, they were free to engage in discovery.  Local Rule 26.1(c).  The deposition of the plaintiff is the single most important piece of discovery in any employment discrimination case, and the most likely source of information to support, inter alia, an after-acquired evidence defense.  The defendant, however, did not take the plaintiff's deposition until shortly before August 25, 2008, (Doc. 12, ¶ 3), on the eve of the September 4 discovery deadline requested by the defendant and established by the scheduling order.  (Doc. 5 at 3; Doc. 6 at 1, ¶ 2).  Absent any explanation for its six-month delay in taking the plaintiff's critical deposition, the defendant cannot show that its failure to learn of any after-acquired evidence defense much earlier in the process occurred despite a reasonably diligent investigation.  *Cf. Sosa*, 133 F.3d at 1419 (where the defendant indicated in discovery that it had fewer employees than required for jurisdiction, but the plaintiff delayed four months in propounding written discovery and took no depositions until three months after the deadline for amending the pleadings

expired, she "thus left to chance a critical component of subject matter jurisdiction" and did not exhibit the necessary diligence); *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11ᵗʰ Cir. 2007) (where the defendant was on notice of a probable insurance payment, such that, "with some investigation, [the defendant] could have discovered its possible anti-subrogation defense," "[t]he fact that [the defendant] failed to conduct such investigation does not equate to 'good cause' for leave to amend ....").

Although the defendant could not have known for certain that the plaintiff's deposition would reveal facts supporting an after-acquired evidence defense, it had every incentive to take the deposition early in the discovery process and certainly not at its conclusion.  To accept that a defendant may delay vital discovery to the eleventh hour and then with impunity amend the pleadings based on information obtained therein would be tantamount to holding that the deadline for moving to amend the pleadings is, effectively, the discovery deadline.  This would utterly defeat the very purpose of the pleading deadline: to allow all parties ample time to pursue discovery with confidence as to what claims and defenses are in the case.[1]  While the "good cause" standard allows some play in these joints when the unavoidable occurs, it does not sanction amendments based on information gleaned from basic, necessary discovery first undertaken in the waning days of the discovery period, at least when the defendant offers no reason the discovery could not have been conducted much earlier.

Because the defendant has not shown good cause under Rule 16(b), the motion for leave to amend is **denied**.

DONE and ORDERED this 11ᵗʰ  day of September, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]*Cf*. Fed. R. Civ. P. 16 advisory committee notes, 1983 amendment ("Item (1) assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended.").