IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARKALE JACKSON,** )<br> )<br> **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**WINN-DIXIE, INC.,** )<br> )<br> **Defendant.** ) | **CIVIL ACTION 08-0014-WS-C** |

### ORDER

The defendant filed a motion for summary judgment on October 6, 2008. (Doc. 28). The Court entered a briefing schedule, warning that the motion would be taken under submission on November 17, 2008. (Doc. 31 at 1). In two orders granting motions to extend the briefing schedule, the Court reiterated that the motion would be taken under submission upon the filing of the defendant's reply brief. (Docs. 33, 39).

The defendant's reply was filed on December 11, 2008. (Doc. 44). Accordingly, the motion for summary judgment was taken under submission on that date. Nevertheless, the plaintiff has filed a motion for leave to file a surrebuttal brief (17 pages) and exhibits (42 pages). (Doc. 46). The announced grounds are that the plaintiff disagrees with the defendant's position that he has misstated the evidence and that he would like another opportunity to support his claim for retaliatory denial of a vacation request.

Briefing schedules are entered with full consideration of the parties' need for time to develop and hone their arguments. In this case, the plaintiff received the customary four weeks in which to respond to the motion for summary judgment, (Doc. 31), and the Court then granted his motion for a one-week extension. (Docs. 32, 33). A week after filing his brief, the plaintiff filed a motion for leave to file a corrected brief, which motion the Court also granted. (Docs. 40, 41). The plaintiff has thus received an unusually

generous six weeks in which to oppose the motion for summary judgment.

      Briefing schedules are also entered with full consideration of the needs of case management. In particular, motions for summary judgment must be briefed and ripe in ample time for the Court to resolve them prior to the final pretrial conference. This case is set for jury trial in February 2009, and the final pretrial conference is set for January 20, 2009, with the parties' joint pretrial document due January 13, 2009. (Doc. 6, Attachment, ¶ 1). Granting the plaintiff's motion would necessitate also granting the defendant's motion to respond, (Doc. 47),[1] which would prevent the motion for summary judgment from becoming ripe until January 5, 2009, (*id*., ¶ 2), thereby requiring the parties to develop their joint pretrial document before the motion is resolved. Moreover, because the Court's heavy criminal schedule requires that pretrial conferences be massed in a narrow band the month before its quarterly civil jury term, delaying consideration of a motion for summary judgment imperils the Court's ability to resolve both that motion and other motions for summary judgment before their respective pretrial conferences.

      No doubt unusual circumstances (such as newly issued authorities or new factual developments) may make it appropriate to allow a fourth brief (and a fifth), but no such circumstances have been shown here. All the plaintiff has noted is his continuing dissatisfaction with the defendant's disparagement of his position, but no briefing could ever be complete if parties could respond ad infinitum merely because they still disagree. To the extent the plaintiff may embed new arguments and/or evidence in his proposed surrebuttal, he has chosen an improper tool; the very purpose of a briefing schedule is to force the parties to isolate, articulate, and support their positions, which would be undone altogether could a party file an additional brief any time it had an additional thought on

---

[1] It is of course necessary in an adversarial process that one party have the final word, and in our system it is normally the party with the burden — the plaintiff in a civil trial, the government in a criminal trial, the movant on most motions — that receives whatever benefit that division bestows. The plaintiff has identified no basis on which he could file his requested surrebuttal but the defendant could not file its requested surreply.

the matter.

"Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler International Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Thus, courts have "broad discretion ... in managing their cases." *Id.* The plaintiff has advanced no good reason for the Court to depart from its carefully sculpted schedule in this case. Accordingly, the plaintiff's motion for leave to file surrebuttal, (Doc. 46), is **denied**. The defendant's motion for time to file a response to the plaintiff's motion for leave to file surrebuttal, (Doc. 47), is **denied as moot**.

DONE and ORDERED this 29th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE